UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK WASMUND, et al.,

                      Plaintiffs,                     **Hon. Hugh B. Scott**

                                                                          08CV498

                                                                          CONSENT

                v.

                                                                           **Order**

MERITAIN HEALTH, INC.,

                      Defendant.
_____

      Defendant has filed a motion to dismiss and/or for summary judgment (Docket No. 5[1]). Meanwhile, the parties have consented to proceed before the undersigned as Magistrate Judge (Docket No. 8). Responses to the defense motion were due on or before August 29, 2008, with any reply due on or before September 8, 2008 (Docket No. 7). Oral argument was held on September 11, 2008, and the motion then was deemed submitted (Docket Nos. 7, 11 (minutes)). Defendant's earlier motion to dismiss and/or for summary judgment (Docket No. 4) was terminated (Docket No. 7).

---

     [1]In support of this motion, defendant filed counsel's affidavit; the affidavit of Christine M. Calarco, the senior vice president, operations, for defendant, with exhibits; Statement of Material Facts; memorandum of law, Docket No. 5; and defense counsel reply affidavit, Docket No. 10.

     In opposition, plaintiffs submitted their attorney's affidavit (with exhibits), Docket No. 9.

BACKGROUND

This is a removed action initially commenced in New York State Supreme Court, Erie County (Docket No. 1, Notice of Removal). Plaintiffs, Mark Wasmund, his wife Shaunette, and son Jacob, sued defendant for breach of insurance contract, negligence in denying benefits, breach of fiduciary duty, arbitrary and capricious denial of medical care, wanton and reckless denial of medical care, and defendant making improper medical decisions based on improper and insufficient medical facts (id. Ex. 1, Compl.). Defendant removed this action on the basis of federal subject matter jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").

In the present motion, defendant argues that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) or judgment should be entered in its favor under Rule 56 (Docket No. 5, Def. Motion). Defendant contends that plaintiffs' claims all relate to an ERISA-qualified benefit plan and hence are preempted by ERISA (id., Def. Atty Grimm Aff. ¶ 3). Defendant, as a third-party administrator of health services, is not subject to a damage action for benefit claim denials as it is not a plan fiduciary or administrator (id.). The plan administers and performs all fiduciary duties (id., Def. Statement ¶ (5)). As defense counsel notes "in short, Plaintiffs have sued the wrong party," (id., Def. Atty. Grimm Aff. ¶ 3).

Defendant provides services to the Automobile Transporters Welfare Fund of New York (the "Plan"), a health and welfare benefit plan governed by ERISA (id. Calarco Aff. ¶¶ 4-5, Ex. 2) as the third-party administrator of this Plan. Defendant denies that it is a health insurer or medical benefits provider or that it had a contract with plaintiffs (id. Calarco Aff. ¶ 6). The administrator for the plan is a board of trustees consisting of appointees by Teamsters Local 449

and employers who contribute to the plan (Docket No. 5, Def. Memo. at 2; Docket No. 5, Calarco Aff. ¶ 9).  Plaintiff Mark Wasmund is a participant in the Plan (Docket No. 5, Calarco Aff. ¶ 8).

The Complaint alleges that plaintiff Jacob Wasmund is a covered dependent of Mark Wasmund and Jacob Wasmund was entitled to receive benefits but did not (id.; Docket No. 1, Notice of Removal, Ex. 1, Compl. ¶¶ 4, 5, 6, 11).  In May 2007, Jacob Wasmund was injured severely causing C-6 quadriplegia (Docket No. 1, Notice of Removal Ex. 1, Compl. ¶ 7). Plaintiffs allege that defendant unreasonably denied (and continues to deny) necessary and proper health care benefits to Jacob Wasmund (id. ¶¶ 8-9; see Docket No. 9, Pls. Atty. Aff. ¶¶ 37-53, 57-61; see generally Docket No. 9, Shaunette Wasmund Aff.).

Plaintiffs argue that defendant was not acting merely in a ministerial role but was making policy and procedural decisions that adversely affected plaintiffs (Docket No. 9, Pls. Atty. Aff. ¶ 7).  They contend that defendant profited under the terms of the administrative services agreement with the Fund where defendant saved the Fund money in arranging for cheaper services (id. ¶¶ 12, 62-63) or, presumably, no services at all.  They argue that any actions in defendant's self-interest (as opposed to the interests of the participants and beneficiaries of the Plan) are not covered by ERISA (id. ¶¶ 14, 65), and actions of willful negligence or gross misconduct are not covered by ERISA and are actionable outside of that act (id. ¶ 15).  They contend that defendant was a fiduciary to them by undertaking certain discretionary tasks (id. ¶¶ 16-36).  Plaintiffs also argue that defendant was either willfully negligent or engaged in gross misconduct in denying Jacob Wasmund a health care aid (id. ¶¶ 37-53) and assessing his required

level of care (id. ¶¶ 54-61). They conclude that there are material issues of fact that should preclude summary judgment (id. ¶¶ 64, 66).

In reply, defendant denies that an issue of fact exists and concludes that most of plaintiffs' claims should be dismissed as preempted by ERISA or are subject to civil enforcement under ERISA and should be lodged against the proper party (presumably not defendant) (Docket No. 10, Def. Atty. Reply Aff. ¶¶ 5, 3). Defendant reaffirms that its actions were non-discretionary duties that are considered ministerial under 29 C.F.R. § 2509.75-8 (id. ¶ 7; see Docket No. 5, Def. Memo. at 10-11; see generally Docket No. 5, Christine Carlaco Aff. ¶¶ 10-16). Defendant argues that plaintiffs failed to show that defendant exercised any discretion in communicating with plaintiffs or showed that defendant did "anything more than apply eligibility rules for participation in benefits, and prepare communications to members on behalf of the Plan," (id. ¶ 10). Communications sent by the third-party administrator (such as defendant) for a plan administrator may include communications sent directly to the employee or plan beneficiary (id. ¶ 11). Here, defendant was acting on behalf of the Plan (id. ¶ 14) and not on its own initiative. Defendant next argues that plaintiffs' contention that it profited from applying plan guidelines is "irrelevant and unfounded" (id. ¶¶ 17, 16).

DISCUSSION

I.    Standards

Defendant argues alternatively for a motion to dismiss or for summary judgment. The first rests upon the sufficiency of the pleadings (including documents incorporated by reference) while the second considers evidence to support a claim or defense alleged in the pleadings.

A.    Motion to Dismiss

The defendant has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 1974 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Bell Atlantic, supra, 127 S.Ct. at 1965; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

B.  Summary Judgment

Alternatively, summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

C.  ERISA

ERISA preempts any state law claim "relat[ing] to" an employee benefit plan governed by the act, 29 U.S.C. § 1149(a).

II.  Application

    A.  Motion to Dismiss or Summary Judgment

Here, defendant filed extensive papers in support of this motion (such as the administrative services agreement defendant had with the Plan, Docket No. 5, Calarco Aff. ¶ 4, Ex. 2), going beyond the four corners of the pleadings, although the original Complaint incorporated the Summary Plan Description for the Teamsters' Plan (see Docket No. 1, Notice of Removal, Ex. 2; cf. Docket No. 5, Calarco Aff. ¶ 7, Ex. 3).  Plaintiffs also responded with papers going beyond the initial pleadings (see Docket No. 9).  Hence, defendant's motion will be treated as one for summary judgment.

As a summary judgment motion, the opponents to that motion shall include a statement of material facts at issue and all material facts set forth in the movant's statement that are not thus controverted are deemed admitted, W.D.N.Y. Loc. Civ. R. 56.1(b), (c).  Here, plaintiffs did not submit a separate statement of material facts, rather arguing within their attorney's affidavit what issues were in dispute and what were material facts.  Nor did plaintiffs submit an affidavit (under Federal Rule of Civil Procedure 56(f)) claiming that they could not present additional evidence essential to their opposition to summary judgment, despite later arguing at oral argument that the record is incomplete and summary judgment thus is unwarranted.

    B.  ERISA Preemption

Plaintiffs' claims are preempted by ERISA because they are seeking relief that is available under the civil enforcement provisions of ERISA, 29 U.S.C. § 1132(a)(1)(B), see Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (ERISA is designed "to ensure that employee benefit plan regulation is 'exclusively a federal concern,'" citation omitted) (Docket No. 5, Def.

Memo. at 4-7). Plaintiffs' state law claims alleged here duplicate, supplement or supplant ERISA's civil remedies, hence are preempted (id. at 5-7).

      C.      Defendant As Fiduciary

Defendant argues that it is not a fiduciary of an ERISA plan to make it liable to plaintiffs for a claim denial (Docket No. 5, Def. Memo. at 7-12). The issue is whether defendant had discretionary authority, control or responsibility under the Plan at issue here in denying the level of coverage sought by plaintiffs. The Board of Trustees for the Plan administers the Plan, that is, establishes the policies and procedures for the Plan. Defendant as third-party administrator handles the day-to-day administration of the Plan, processing claims and benefits (see Docket No. 1, Notice of Removal, Ex. 2, at 38) pursuant to the polices and procedures established by the Board of Trustees. Defendant claims that it only performs ministerial duties, arguing that, while defendant makes preliminary determinations of eligibility (for example), it is the Plan that makes the final determination of eligibility and plaintiffs could have appealed defendant's initial determination all the way to the Plan trustees.. Plaintiffs contend that defendant acted beyond the eleven ministerial functions listed in the ERISA regulations, making defendant a fiduciary (Docket No. 9, Pls. Atty. Aff. ¶¶ 22-36), by having its nurse make medical determinations, contacting plaintiffs and other beneficiaries directly, or by denying claims (id. ¶¶ 24-26, 27-28).

Both sides (see Docket No. 5, Def. Memo. at 10-11; Docket No. 9, Pls. Atty. Aff. ¶¶ 21, 22) point to the regulatory definition under ERISA of what constitutes a "fiduciary," indicating the eleven functions which were determined to be "purely ministerial" and not fiduciary, 29 C.F.R. § 2509.75-8 (Question 2). The instances plaintiffs point to as proof that defendant was an ERISA fiduciary fall within the purely ministerial functions listed in the regulations. A nurse

employed to make medical determinations or function as a case manager (cf. Docket No. 9, Pls. Atty. Aff. ¶¶ 25-26) are ministerial in that the defendant's nurse applies the eligibility rules. Further, communicating with beneficiaries like plaintiffs (cf. id. ¶ 27; see also id. ¶ 28) is also listed as a "purely ministerial" function under the regulations, see 29 C.F.R. § 2509.75-8 (Question 2, function (3)).  Part of processing claims, a listed ministerial function, is denial of claims, which plaintiffs argue is a discretionary function.

The administrative services agreement between the Plan and defendant provides that defendant had no discretionary authority to interpret the Plan or to adjust claims thereunder (Docket No. 5, Def. Memo. at 10; id., Calarco Aff., Ex. 2, Admin. Serv. Agreement, Section 6.10; see also id., Calarco Aff., Ex. 2, Admin. Serv. Agreement, Section 3.4) and the Plan (and not defendant) is liable for payment of claims to beneficiaries like plaintiffs (see Docket No. 5, Calarco Aff., Ex. 2, Admin. Serv. Agreement, Section 6.6).  The administrative services agreement had defendant provide "Plan participants with a toll-free telephone number," (id., Section 3.17), "[p]repare and mail explanation of benefits forms to Plan participants, which will provide an explanation of the adjudication of the Claim or reason(s) for the denial of benefits," (id., Section 3.24), and use "reasonable efforts to recover overpayments" to ineligible Plan participants (id., Section 3.22) requiring that defendant communicate with beneficiaries.

Furthermore, under the Summary Plan Description defendant (as third-party administrator) determines eligibility and notifies beneficiaries and claimants (like plaintiffs) of the reasons for any denial of coverage.  Under that Plan, the claimants may file a written request with the Plan's Board of Trustees to review the claim.  (See Docket No. 5, Calarco Aff., Ex. 3, Summary Plan Description, Arts. XV, XVI.)

Plaintiffs point to a provision in the administrative services agreement (see Docket No. 5, Calarco Aff., Ex. 2, Admin. Serv. Agreement, Section 5.1(d)) that defendant would profit from obtaining savings from service providers. That provision states that whenever required independent case review or fees for negotiated or otherwise obtained out-of-network provider discounts are negotiated by defendant, the Plan agreed to pay defendant 25% of the net savings generated by defendant's actions. This provision applies where defendant negotiates a favorable rate for certain service professionals and not when, as alleged by plaintiffs here, services are denied to beneficiaries.

There is a sufficient record for judgment to be entered in defendant's favor. As a third-party administrator, defendant was not a fiduciary to plaintiffs and had no independent discretion regarding their claim. Any objections to the denial of benefits should have been addressed to the Plan itself and not to defendant. Defendant's motion for summary judgment is **granted**.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Docket No. 5) is deemed a motion for summary judgment and, as such and its alternative motion for summary judgment (Docket No. 5) is **granted**. The Clerk of Court is instructed to enter judgment consistent with this Order and to close this case.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
September 24, 2008